**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JUD ENTERPRISES, INC. t/d/b/a THE
HOME TEAM INSPECTION SERVICE
AND JIM DAVIS,

        Plaintiffs,

             v.

LEXINGTON INSURANCE CO.,

        Defendant.

CIVIL ACTION NO. 3:10-CV-2140

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the defendant's notice of removal, which insufficiently alleges the diversity of the parties. (Doc. No. 1.) Because the complaint fails to adequately plead the existence of subject matter jurisdiction, the action will be dismissed.

## Background

The plaintiffs commenced this action in the Lackawanna County Court of Common Pleas. The defendant insurance company, Lexington Insurance Co., removed the action to this Court. In its notice of removal, the defendant invokes federal jurisdiction under 28 U.S.C. § 1332, the diversity jurisdiction statute. The notice describes the plaintiffs as "citizens of" Pennsylvania. The notice describes the defendant as follows: "Lexington is . . . a Massachusetts corporation with its principal place of business and corporate headquarters located in Boston, Massachusetts. Therefore, Lexington is deemed to be a citizen of the Commonwealth of Massachusetts . . . Lexington . . . is not a citizen of . . . Pennsylvania."

**Analysis**

A defendant may remove a state court action to federal court whenever the federal district court would have original jurisdiction over the action. 28 U.S.C. § 1441. The defendant, here the insurance company, bears the burden of showing that removal was proper. *See Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Under the diversity jurisdiction statute, 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." When diversity of citizenship provides the grounds for federal jurisdiction, "the pleadings should affirmatively disclose that such diversity exists." *Osthaus v. Button*, 70 F.2d 392, 392 (3d Cir. 1934). Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978), 373–74 (1978).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may only have one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914). In contrast, corporations may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999).

Here, the notice of removal fails to properly plead the existence of subject matter jurisdiction. The notice describes Lexington as a "Massachusetts corporation," but this is not the same as alleging that Massachusetts is Lexington's state of incorporation. *See S. Freedman & Co., Inc. v. Raab*, 180 Fed. App'x 316, 320 (3d Cir. 2006) (quoting *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982) ("In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business.")). The notice must instead plead the citizenship of Lexington by listing any state by which it is incorporated. The conclusory allegation that Lexington is not a citizen of Pennsylvania is insufficient to meet the defendant's burden on removal of showing complete diversity. Pursuant to 28 U.S.C. § 1653, the defendant will be granted leave to amend the defective allegations of citizenship in its notice of removal.

**Conclusion**

As it currently stands, the notice of removal fails to show the existence of subject matter jurisdiction. The defendant is directed to file an amended notice of removal within twenty-one (21) days sufficiently alleging jurisdiction. The defendant is further advised that failure to respond in the manner explained above will result in the case being remanded to state court. An appropriate order follows.

October 21, 2010                                    /s/ A. Richard Caputo
Date                                                     A. Richard Caputo
                                                           United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JUD ENTERPRISES, INC. t/d/b/a THE
HOME TEAM INSPECTION SERVICE
AND JIM DAVIS,,

      Plaintiffs

        v.

LEXINGTON INSURANCE CO.,

      Defendant.

NO. 3:10-CV-2140

(JUDGE CAPUTO)

## **ORDER**

**NOW**, this 21st day of October, 2010, **IT IS HEREBY ORDERED:**

1) Within twenty-one (21) days of the date of this Order, defendantf may file an amended notice of removal.

2) The defendant's failure to file an amended notice of removal will result in remand of this action.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge